

**FILED**

AUG 3 0 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

1  JUDY WONG
   Pro Se
2  WILLIAM S. WONG
   Pro Se
3  P. O. Box 466
   Meadow Vista, California 95722
4  (916) 747-7571
   Email: william.s.wong12@gmail.com
5

6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8                  SACRAMENTO DIVISION

9                                        2:21 - CV 1553 - KJM KJN PS

10 JUDY WONG;  and                    Case No.:_____
   WILLIAM S. WONG
11
       Plaintiffs,
12                                          **COMPLAINT**
   v.
13
   LAS VEGAS SANDS CORP., a NEVADA          (Jury Trial Demanded)
14 CORPORATION; VENETIAN CASINO
   RESORT, LLC, a NEVADA Limited Liability
15 Company; LAS VEGAS SANDS, LLC, a
   NEVADA Limited Liability Company, d/b/a
16 VENETIAN RESORT HOTELCASINO and
   PALAZZO RESORT HOTEL CASINO; I-X,
17 inclusive, and JOHN DOES and ROE
   CORPORATIONS I-X, inclusive,
18
       Defendants.
19 _____/

20      COMES NOW, Plaintiff JUDY WONG, in Pro Se, and Plaintiff William S. Wong, in Pro

21 Se, for their causes of action against the Defendants alleges as follows:

22
                              1

1

## **JURISDICTION**

2      1. Plaintiffs alleges that this Court has jurisdiction over the matter based on: (1) Diversity

3   Jurisdiction; and (2) Personal Jurisdiction.

4                          Diversity Jurisdiction

5      This is a complaint for money damages wherein the amount in controversy is in excess

6   of $75,000.00, exclusive of interest and costs and the action is between parties of different states.

7   This action is brought by the Plaintiffs pursuant to the doctrine of diversity of citizenship, 28

8   U.S.C. section 1332, the Plaintiffs being residents of the State of California and the Defendants

9   being residents of the State of Nevada and incorporated in the State of Nevada.

10                          Personal Jurisdiction

11      California's long-arm statute allows for the exercise of personal jurisdiction to the

12   extent allowed by the Due Process Clause of the United States Constitution. Cal. Code Civ. Proc.

13   Section 410.10. Defendants, non-residents of the State of California, did purposefully directed

14   its activities or consummate some transaction with Plaintiffs, residents of the State of California,

15   through direct solicitation via internet email to sell hotel stays at their Palazzo and Venetian

16   Hotels and Casino with the intended purpose of financial gain. Defendants successfully solicited

17   Plaintiffs to use their credit card to purchase a one-night stay at their Palazzo Hotel and Casino.

18   Defendants then solicited via internet email to entice Plaintiffs in California to enroll in their

19   "Grazie Rewards" program as a loyalty member to obtain promotional discounts during their

20   hotel stay. Defendants, through its employees' communications with Plaintiffs, possessed

21   specific knowledge that Plaintiffs were residents of the State of California subsequent to

22   September 2, 2019, the date of the injury, but continued soliciting and advertising hotel stays at

2

their properties in Las Vegas by direct internet email solicitations to Plaintiffs in the State of California. But for Defendants' business activities of selling hotel stays at its properties in Las Vegas directed to Plaintiffs, the Plaintiffs would not have stayed at Defendants' Palazzo Hotel and Casino where the injury occurred.

Due to the location of its properties in Las Vegas, Nevada, and its proximity to the State of California and its residents, Defendants have and continues to engage in business activities by advertising its hotels and casinos to California residents for purpose of financial gain using internet search sites, such as "Hotels.Com, Expedia, Bookings," and others, to obtain hotel booking reservations by California residents. As such, Defendants' business activities in California subject Defendants to personal jurisdiction in the Eastern District of California.

## PARTIES

2. That Plaintiff, JUDY WONG, is now, and all times herein has been a resident of the County of Placer in the State of California. Plaintiff JUDY WONG has been and continues to be a resident in the State of California since 1963. That Plaintiff, WILLIAM S. WONG, is now, and at all times herein has been a resident of the County of Placer in the State of California. Plaintiff WILLIAM S. WONG has been and continues to be a resident in the State of California since 1956. At all times mentioned herein, Plaintiff JUDY WONG and Plaintiff WILLIAM S. WONG are a married couple.

3. That Defendant, LAS VEGAS SANDS CORP., a Nevada Corporation, doing business as VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, VENETIAN RESORT

HOTEL CASINO AND PALAZZO RESORT HOTEL CASINO, was and is a Nevada corporation qualified to do business, and doing business in the State of Nevada.

4. That the true names and capacities, whether individual, corporate, associate, partnership or otherwise of Defendants herein designated as LAS VEGAS SANDS I-X, inclusive, and JOHN DOES I-X, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. Plaintiff alleges that each named Defendant and each Defendant herein designated as JOHN DOE and ROE CORPORATION is negligently, willfully, maliciously, contractually, vicariously, or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages to Plaintiffs as herein alleged. Plaintiffs ask leave of this Court to insert the true names and capacities of such Defendants in these proceedings.

5. That Defendants ROE CORPORATIONS and JOHN DOES have an ownership interest in the PALAZZO HOTEL and CASINO and/or were employees who were personally involved in the events of September 2, 2019.

6. At all times herein mentioned, all of the Defendants were the agents, servants and employees of each and every other Defendant and were working and acting within the course of said employment and agency.

7. At all times pertaining hereto, Defendants LAS VEGAS SANDS CORP. and

PALAZZO HOTEL and CASINO, owned and/or controlled and/or occupied premises known as 3325 S Las Vegas Blvd, Las Vegas, NV 89109, in the State of Nevada, where the public is invited for the purpose of entertainment and lodging.

## FIRST CLAIM FOR RELIEF

### (Negligence)

8. That on or about September 2, 2019, Plaintiff, JUDY WONG, was legally and lawfully upon Defendants' premises, as a customer, business invitee, and patron when Plaintiff slipped on a polished wet marble floor on her way to the reception area to check-out after a night stay and fell on the wet polished marble floor' with her full body weight on the back of her head causing substantial injuries.

9. Defendants at all times mentioned herein had a duty to maintain its premises in a reasonably safe condition for the general public and breached its duty as herein alleged.

10. That the fall suffered by Plaintiff and the injuries resulting therefrom were caused solely and proximately by the negligence of Defendants and without any negligence of Plaintiff contributing thereto.

11. That the negligence of Defendants, consisted in negligently and carelessly failing to keep the walkway free of hazards, and otherwise acting in such a manner as to create an unreasonable risk and danger to Plaintiff and others walking in said area without adequate

5

warning of its existence, and the creation of a dangerous and hazardous condition, and the

employees of Defendants failed to inspect the premises or take other measures to repair the said

defect or hazard or to warn the Plaintiff of the hazard or dangerous conditions.

12. The Defendants had, or reasonably should have had, actual knowledge and notice of

said dangerous condition, and that the Defendants in the exercise of its duty of care should have

had such knowledge and notice, yet failed to warn the Plaintiff of its existence of the danger, or

fail to take reasonable action to protect the Plaintiff once they knew of the dangerous condition.

Defendants' failure to warn Plaintiff of the danger which was unknown to Plaintiff and was not

reasonably discoverable by Plaintiff, yet was known to the Defendants, was a breach of

Defendants' duty to the Plaintiff.

13. That as a result of the Defendants' negligence above described, Plaintiff suffered

injuries, including, but not limited to, her head, neck, and other parts of her body. Said injuries

caused Plaintiff to suffer extreme physical pain and suffering, and severe emotional distress, all

to her damage in the amount in excess of $3,000,000.

14. That as a result of these injuries, Plaintiff has been required to engage the services of

physicians and medical treatment and other persons to care and treat her, all to her damage in a

sum currently unascertainable, and will continue to incur future medical expenses, all in a

presently unascertainable amount, and Plaintiff will seek leave of this Court to assert the same

when the same is fully determined.

6

15. That as a further and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered extreme emotional distress, and severe pain and suffering, and will continue to suffer in the future, and all to her damage in the amount in excess of $3,000,000.

16. That it has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and the Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

### (Loss of Consortium and Companionship)

17. That since the aftermath of his wife's (Plaintiff JUDY WONG) injury on September 2, 2019, Plaintiff WILLIAM S. WONG has suffered, and continues to suffer, the loss of consortium and companionship as a result of the injury to Plaintiff WILLIAM S. WONG's wife. The loss of consortium and companionship includes, but is not limited to, the physical, psychological, and emotional pain that results when the other spouse is injured and can no longer provide the love, affection, companionship, comfort, and sexual relations concomitant with normal married life, and the sadness, shock and anguish of seeing a spouse suffering from all kinds of physical and emotional injury as a direct and proximate result of Defendants' negligence.

18. That since his wife's injury on September 2, 2019, Plaintiff WILLIAM S. WONG has

suffered, and continues to suffer, the loss of consortium and companionship as it pertains to their normal married sexual relations due to his wife's injury to her neck as a result of the fall at Defendants' Palazzo Hotel and Casino.  Furthermore, as a result of the injury to his wife, Plaintiff WILLIAM S. WONG suffered and continues to suffer the loss of companionship of his wife as a golf playing partner and golf outings, as well as to physical activities that are now limited due to his wife's injuries.

19.  That since his wife's injury on September 2, 2019, Plaintiff WILLIAM S. WONG has suffered, and continues to suffer, the loss of consortium and companionship as to their normal marriage relationship and married life according to proof at trial.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff JUDY WONG prays for Judgment against the Defendants as follows:

1.  For general damages, past and future, in a sum in excess of Three Million Dollars ($3,000,000.00) and according to proof at trial;

2.  For special damages for medical care and treatment, and for future medical care and treatment and incidental expenses therefor, in a sum in excess of Four Hundred Thousand Dollars ($400,000.00) and according to proof at trial;

3.  For a sum in excess of Three Million Dollars ($3,000,000.00) for pain-and-suffering and for extreme emotional distress experienced by Plaintiff and according to proof at trial;

1

2

4. For attorney's fees and costs of suit herein incurred;

5. For such other and further relief as the Court may deem just and equitable.

3

4

WHEREFORE, Plaintiff WILLIAM S. WONG prays for Judgment against the

5

Defendants as follows:

6

7

1. For general damages, past and future, in a sum in excess of Two Hundred Thousand

Dollars ($200,000.00) and according to proof at trial;

8

9

2. For a sum in excess of Two Hundred Thousand Dollars ($200,000.00) for pain and

10

suffering and for extreme emotional distress as a result of loss of consortium and companionship

11

and according to proof at trial;

12

3. For attorney's fees and costs of suit herein incurred;

13

4. For such other and further relief as the Court may deem just and equitable.

14

15

DATED this _30 H_ day of August, 2021.

16

By: _Judy Wong_

JUDY WONG, Plaintiff

17

Pro Se

18

19

By: _William S. Wong_

WILLIAM S. WONG, Plaintiff

Pro Se

20

21

22

9