UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Judy Wong and William Wong, | No. 2:21-cv-01553-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Las Vegas Sands Corp., et al., | |
| Defendants. | |

Judy and William Wong booked a room in a Nevada hotel from their home in California. During her stay, Mrs. Wong suffered severe injuries as the result of the hotel's alleged negligence. They filed an action in this court. As explained in more detail below, this court lacks personal jurisdiction because the defendants do not have the constitutionally mandatory minimum contacts with California. Their motion to dismiss is thus **granted**.

I.   BACKGROUND

The Wongs live in Placer County, California. Compl. ¶ 2., ECF No. 1. In 2019, they were browsing Hotels.com, where they found a page about the Palazzo Hotel in Las Vegas, Nevada. *See* W. Wong Decl. ¶¶ 7–8, ECF No. 16-1. After looking at the pictures and information about the hotel on that site, they booked a one-night stay. Compl. at 2; J. Wong Decl. ¶¶ 7–8, ECF No. 13-1. The hotel then sent them promotional emails and invited them to join a loyalty program. Compl. at 2–3.

The morning after their stay, Mrs. Wong slipped and fell on a wet floor in the hotel, injuring her neck and back. *See* J. Wong. Decl. ¶ 9. Years after the accident, her injuries still cause extreme pain despite medical treatment and physical therapy. *Id.* ¶¶ 10–11. Her condition is worsening. *Id.* ¶ 11. She cannot exercise, play golf, travel, dance, or paint as she did before the fall. *Id.* ¶ 12. Her doctors have recommended a risky surgery. *See id.* ¶ 11.

Mr. and Mrs. Wong filed this lawsuit against three Nevada corporations with connections to the Palazzo Hotel. *See* Compl. at 3–5. None has its principal place of business in California. They each now move to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the action to the United States District Court for the District of Nevada. *See generally* Mot., ECF No. 8; Mem., ECF No. 8-1. Mr. and Mrs. Wong both oppose that motion—Mrs. Wong with counsel, Mr. Wong without. *See generally* J. Wong Opp'n, ECF No. 13; W. Wong Opp'n, ECF No. 16. The defendants replied, *see generally* Reply, ECF No. 19, and the court submitted the matter without hearing oral arguments, Min. Order, ECF No. 18.

**II.  DISCUSISON**

No federal statute governs the personal jurisdiction questions in this case, so this court must determine whether California courts could exercise jurisdiction over these defendants. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020). California authorizes its courts to exercise jurisdiction "to the full extent permissible under the U.S. Constitution." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see also* Cal. Civ. Proc. Code § 410.10. As a result, this court's personal jurisdiction turns on the limits of the Fourteenth Amendment's Due Process Clause. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). It is the plaintiffs' burden to show the court can exercise jurisdiction without depriving the defendants of due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The court assumes the complaint's uncontroverted allegations are true and resolves any factual disputes in the plaintiffs' favor, *Glob. Commodities*, 972 F.3d at 1106.

2

The "canonical opinion" on due process and personal jurisdiction is the Supreme Court's decision in *International Shoe Co. v. Washington*. *Goodyear*, 564 U.S. at 923 (citing 326 U.S. 310 (1945)). In that case, the Court held "that a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe*, 326 U.S. at 316) (alterations omitted). "In giving content to that formulation, the Court has long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017)).

Over the years, the Supreme Court has recognized "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.*[1] Mr. and Mrs. Wong rely on both of these jurisdictional doctrines. The court considers each in the two subsections below.

### A. General Jurisdiction

To support a claim of general jurisdiction, a defendant's operations in a given state must be "so substantial and of such a nature as to justify suit against it on all causes of action arising from dealings entirely distinct from those activities." *Goodyear*, 564 U.S. at 924 (quoting *Int'l Shoe*, 326 U.S. at 318). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* The Supreme Court has identified two places a corporation is at home: its "place of incorporation and its principal place of business." *Ford*, 141 S. Ct. at 1024 (citing *Daimler*, 571 U.S. at 139).

---

[1] Federal courts use the phrases "general jurisdiction" and "general personal jurisdiction" interchangeably. *Compare, e.g.*, *Ford*, 141 S. Ct. at 1024, *with, e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1554 (2017). The same is true of the phrases "specific jurisdiction" and "specific personal jurisdiction." *Compare, e.g.*, *Ford*, 141 S. Ct. at 1024, *with, e.g.*, *BNSF*, 137 U.S. at 1059.

The defendants' contacts with California do not give this court general jurisdiction over them. No defendant is incorporated in California. *See* Molinari Decl. ¶ 4, ECF No. 8-3; Ki Decl. ¶ 4, ECF No. 8-4; Bain Decl. ¶ 4, ECF No. 8-5. None has its principal place of business in California. *See* Molinari Decl. ¶¶ 4–6; Ki Decl. ¶¶ 5–6; Bain ¶¶ 5–6. None has any California offices, addresses, or phone numbers. *See* Molinari Decl. ¶¶ 8–9; Ki Decl. ¶¶ 5–7; Bain Decl. ¶ 7.

The plaintiffs do not offer allegations or evidence to show otherwise. They argue instead that the defendants must be at home in California because they do business with California residents, compete for business with California casinos, and operate in Las Vegas, which is "very close" to California. *See* J. Wong Opp'n at 6–8; W. Wong Opp'n at 11–14. They cite no authority to support that theory of general jurisdiction. The Supreme Court also rejected a nearly identical theory in *Daimler*. *See* 571 U.S. at 139. As the Supreme Court wrote in that case, "If [these defendants'] California activities sufficed to allow adjudication of this [Nevada]-rooted case in California, the same global reach would presumably be available in every other State in which [the defendants'] sales are sizable." *Id.* This court does not have general jurisdiction over these defendants.

**B.   Specific Jurisdiction**

"In contrast to general jurisdiction, specific jurisdiction covers defendants that are less intimately connected with a state, but that have sufficient minimum contacts with the state that are relevant to the lawsuit." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022). Courts in the Ninth Circuits use a three-part test to decide "whether a party's minimum contacts meet the due process standard for exercise of specific personal jurisdiction." *Id.* (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013)). First, the plaintiff must show the out-of-state defendant purposefully directed activities to the forum state, "consummate[d] some transaction with the forum" or its residents, or otherwise "purposefully avail[ed]" itself "of the privilege of conducting activities within the forum," thus "invoking the benefits and protections of its laws." *Glob. Commodities*, 972 F.3d at 1107 (quoting *Schwarzenegger*, 374 F.3d at 802). Second, the plaintiff must show its claims "arise out of or relate to the defendant's forum-related activities." *Id.* Third, if the plaintiff satisfies these first

4

1 two parts of the test, the defendant may show that exercising personal jurisdiction would be
2 unreasonable. *Id.*

3 　　　The plaintiffs allege their decision to stay in the Palazzo arose out of the defendants'
4 efforts to market that hotel to California residents on websites like Hotels.com; they did not know
5 about the Palazzo until they saw it on Hotels.com. *See, e.g.*, W. Wong Decl. ¶ 7; J. Wong Decl.
6 ¶¶ 7–8. No evidence or allegations suggest the defendants have any control over who can see or
7 book rooms in the Palazzo on Hotels.com, so it is doubtful Mr. and Mrs. Wong could prove these
8 defendants took any "purposeful" action by citing the Palazzo's page on Hotels.com. That
9 question, however, is not one this court must answer. The court may assume for purposes of this
10 order that the defendants controlled Hotels.com absolutely. Even if they did, the plaintiffs would
11 not have established this court's personal jurisdiction under the first two parts of the specific
12 jurisdiction test.

13 　　　A plaintiff can rely on a variety of theories to show a defendant has sufficient contacts
14 with the forum state at the first step of the test. At first glance, one of these theories seems to be a
15 good match for this case: a defendant is subject to suit in a foreign jurisdiction if it purposefully
16 directs some action toward that jurisdiction. *Glob. Commodities*, 972 F.3d at 1107. The
17 foundation of that theory is *Calder v. Jones*, a case in which the Supreme Court held that "a
18 foreign act that is both aimed at and has effect in the forum satisfies the first prong of the specific
19 jurisdiction analysis." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (citing
20 465 U.S. 783 (1984)). The test for a defendant's purposeful direction is thus often described as
21 the "*Calder* effects test." *Id.* It has three parts: (1) the defendant "committed an intentional act,"
22 (2) the act was "expressly aimed at the forum state," and (3) as a result, the plaintiff suffered a
23 harm "the brunt of which is suffered and which the defendant knows is likely to be suffered in the
24 forum state." *See Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co., Inc. v. Watts*,
25 303 F.3d 1104, 1111 (9th Cir. 2002)). The plaintiffs have not satisfied these requirements. The
26 defendants could not have known someone could slip and fall "in the forum state"—that is,
27 California—rather than in Nevada, in the Palazzo Hotel.

Alternatively, the plaintiffs' jurisdictional claims could be evaluated under a contract theory. A plaintiff can satisfy the first step of the specific jurisdiction test by showing the defendant "consummate[d] some transaction with the forum" or its residents. *Global Commodities*, 972 F.3d at 1107 (quoting *Schwarzenegger*, 374 F.3d at 802). But the result is the same when the case is viewed through this lens. The plaintiffs did not expect to begin a "substantial" and "long-term" interstate business relationship with the defendants, as was true in *Burger King Corp. v. Rudzewicz*, for example. *See* 471 U.S. 462, 479–80 (1985). They did not have a "lengthy and ongoing course of dealing" with the Palazzo. *Glob. Commodities*, 972 F.3d at 1108. Instead, this case fits the mold of many similar claims about short-term transactions that do not support personal jurisdiction. Examples from this category include *Boschetto v. Hansing*, in which the Ninth Circuit held that California courts could not exercise jurisdiction over a dispute that arose out of a one-time eBay sale from an out-of-state defendant, *see* 539 F.3d 1011, 1017–19 (9th Cir. 2008), and *Peterson v. Kennedy*, which predates the internet age, but which makes clear that equivalent communications at a distance—letters and phone calls, for example— "do not qualify as purposeful activity invoking the benefits and protections of the forum state," 771 F.2d 1244, 1262 (9th Cir. 1985) (alterations omitted) (quoting *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980)).

More recent decisions by district courts within this circuit are similar, including *Eguiarte v. Golden Nugget, LLC*, which concerns strikingly similar allegations as those made here. *See* No. 18-1990, 2018 WL 11338191 (C.D. Cal. Dec. 21, 2018). The plaintiff, a California resident, had slipped and fallen on a wet floor inside a Nevada casino. *See id.* at *1. Before her visit, the casino had emailed her several times to offer deals and rooms. *See id.* at *2. The district court concluded that it lacked specific jurisdiction. *See id.* at *5. "[S]pecific jurisdiction does not exist in California just because one of the parties to the contract happens to reside in California where the contract does not contemplate performance in California or otherwise have any connection to California." *Id.*5. That reasoning is persuasive. The plaintiffs have not satisfied the first step of the specific jurisdiction test.

The plaintiffs' allegations and evidence also fall short at the second step of that test, i.e., showing their claims "arise out of or relate to the defendant's forum-related activities." *Glob. Commodities*, 972 F.3d at 1107. The Central District court's decision in *Black v. The Ritz-Carlton Hotel Co., LLC* is persuasive on this point. *See generally* 977 F. Supp. 2d 996 (C.D. Cal. 2013), *aff'd*, 639 F. App'x 423 (9th Cir. 2016) (unpublished). The plaintiff in that case, a California resident, booked a hotel room in a Dubai hotel using a website. *See id.* at 1002. She fell during her stay in the hotel and sued in California, asserting claims based on the hotel's negligence and premises liability. *See id.* at 1002–03. She argued one of the defendants was subject to suit in California because it operated a website that California residents could use to book rooms. *See id.* at 1006–07. The district court disagreed. It held that the plaintiff could not show her injuries arose out of or related to the website. *See id.* at 1007. The defendants' allegedly wrongful actions all occurred in Dubai, not in California. *See id.* The Wongs' case shares this fault. The defendants' alleged wrongdoing—a wet, slippery, and unsafe lobby floor without warnings—is unconnected to Hotels.com and unconnected to California, so they cannot satisfy the second part of the three-part specific jurisdiction test.

For these reasons, the Wongs have not carried their burden to establish the court's personal jurisdiction.

**C.   Discovery Request**

Anticipating the court's conclusion above, the Wongs request leave to conduct discovery to substantiate their jurisdictional claims. *See* J. Wong Opp'n at 12–14; W. Wong Opp'n at 14–19. District courts ordinarily authorize jurisdictional discovery only when "pertinent facts bearing on the question of jurisdiction are controverted" or if "a more satisfactory showing of the facts is necessary." *LNS Enters.*, 22 F.4th at 864 (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)). "[H]unch[es] that discovery might yield jurisdictionally relevant facts" do not suffice. *Id.* (other alterations omitted) (quoting *Boschetto*, 539 F.3d at 2010).

The Wongs ask to investigate the extent of the defendants' business with other California residents, the defendants' efforts to lure Californians to Las Vegas, and the defendants'

7

relationships and control over third-party booking websites like Hotels.com. *See* J. Wong Opp'n at 12–14; W. Wong Opp'n at 14–19. It is unnecessary to investigate the defendants' relationships with third-party websites. The court has assumed in this order that the defendants controlled Hotels.com and all other similar websites. The plaintiffs' other requests are based on hopes about what discovery might reveal about the defendants' sales, which are not enough to justify jurisdictional discovery. *See, e.g.*, *LNS Enters.*, 22 F.4th at 864 (affirming rejection of discovery requests to "confirm the extent of [the defendants'] sales, advertisements, and affiliations . . . in the forum state"). It is likely that no volume of discovery could permit this case to proceed in California: the defendants are incorporated in Nevada, their principal place of business is in Nevada, their hotel is in Nevada, Mrs. Wong alleges she was injured in that hotel in Nevada, and the negligence that allegedly caused her injury occurred in Nevada.

## III.  CONCLUSION

The motion to dismiss for lack of personal jurisdiction (ECF No. 8) is **granted**. This action is **dismissed without prejudice to refiling** in a court with jurisdiction, and the case is **closed**.

IT IS SO ORDERED.

DATED: March 28, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE